## JOHN H. GASS *et al*
### *v.*
## MILTON W. HOWARD

1. CONTINUANCE — *affidavit for.* Where a cause has been pending in a court in this State for eighteen months, and a witness resides in another State when the suit is brought, the party desiring to use his evidence should, without unreasonable delay, proceed to take his deposition. He has no right to rely upon his promise to attend at the trial, and if he does it is at his own peril.

2. SAME — *diligence.* Where a suit had been brought in February, and a witness resided at the time in the State of Indiana, and so continued for some fifteen months and no efforts appear to have been made to take his deposition, and an affidavit stating that the witness had left for Oregon by way of the plains some four months previous to the application for a continuance, and the affidavit states that the party had no knowledge of his intention of leaving until he had gone, but that witness promises to return soon after reaching Oregon, and if he should not the party expects to take his deposition before the next term of court; and the affidavit showed no other diligence,— *held* that such an affidavit is not sufficient to entitle the party to a continuance.

APPEAL from the Circuit Court of Vermillion county; the Hon. OLIVER L. DAVIS, Judge, presiding.

This was an action of assumpsit, commenced on the 21st of February, 1865, by Milton W. Howard, in the Vermillion Circuit Court, against John H. Gass and Harvey Sandusky. The declaration contained a special count upon the assignment of a note, with the common counts. At the return term, the cause was continued on the application of the defendants, based on an affidavit. The general issue was filed together with a number of special pleas, and after demurrers to pleas and replica-

tions were disposed of at the next term, issues were formed and the cause continued.

At the September Term, 1865, the cause was submitted to the court for trial without the intervention of a jury, by consent of the parties. After hearing the evidence the court took the case under advisement; and at the next March Term, set aside the order submitting the cause and continued it until the next term.

At the succeeding September Term, defendants filed an affidavit made by Goss, in which he states that one Hardrick was a material witness on the trial of the cause; that he had formerly resided in Indiana, and had, sometime in the month of May or June, 1866, gone over the plains to Oregon, of which he had no intimation until the witness was on his way, and that defendants were thus prevented from taking his deposition. But the witness had promised to return soon after he had reached Oregon, and if he should not, he expected to take his deposition before the next term of court.

The court overruled the motion for a continuance, and defendants excepted.

The cause was then tried by the court and a jury, when a verdict was found in favor of plaintiff for $483.97, whereupon defendants entered a motion for a new trial, which was overruled, and judgment rendered on the verdict; to reverse which this appeal is prosecuted.

Mr. M. D. HAWES, for the appellants.

Mr. O. L. DAVIS, for the appellee.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

The refusal of the court below to grant a continuance to appellants, is urged as a ground of reversal. The suit was commenced in February, to the April Term, 1865. At that time the cause was continued upon the account of Hardrick's absence

as a witness. At the September Term, 1860, the cause was submitted to the court for trial, without a jury, by consent of parties, and the cause was taken under advisement until the next February Term, when the order of the previous term submitting the cause for trial was set aside, and the case reinstated on the docket for trial, and a continuance was entered. And at the September Term, 1866, the motion for a new trial was entered and overruled.

We regard the affidavit as fatally defective, in not showing that appellants had used reasonable diligence. It is stated in the affidavit that the witness resided in the State of Indiana previous to his departure to Oregon, and after the suit was commenced. This being so, and he being beyond the process of our courts, appellants had no right to rely upon his attendance as a witness; they knew that he could not be compelled to attend. They also knew, that, being a non-resident, they had the right to take his deposition. And they have failed to show, by the affidavit, any reason why they had not procured it at some time within the year and a half which had elapsed after the commencement of the suit and before the trial. The affidavit shows that the witness did not leave for Oregon for some fifteen months after the suit was brought, and about five months before the term at which the continuance was asked. The only excuse made for a failure to do so, is, that the witness had left before they were aware of the fact, and they were then prevented from taking his deposition, as he was on the plains. This is, no doubt, true, but it does not rebut the presumption that they had previously ample time and opportunity to have done so, and by slight diligence could have had his testimony. There was no error in overruling the motion for a new trial, and the judgment of the court below must be affirmed.

*Judgment affirmed.*